

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. B. M. Whiteacre　　　　　Opinion O-969
County Auditor　　　　　　　　Re: Is it necessary for citizens
Grayson County　　　　　　　　of an incorporated city or town
Sherman, Texas　　　　　　　　(which said city or town levies a
　　　　　　　　　　　　　　　poll tax) to possess a poll tax in
　　　　　　　　　　　　　　　the city or town in order for them
　　　　　　　　　　　　　　　to qualify as voters in a county
Dear Sir:　　　　　　　　　　 prohibition election?

　　　　Your request for an opinion on the above stated question has been received by this office.

　　　　Sections 1 and 2 of Article 6 of the State Constitution read as follows:

　　　　"Sec. 1. The following classes of persons shall not be allowed to vote in this state; to wit:

　　　　"First: Persons under twenty-one years of age.

　　　　"Second: Idiots and lunatics.

　　　　"Third: All paupers supported by any county.

　　　　"Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make.

　　　　"Fifth: All soldiers, marines and seamen, employed in the service of the Army or Navy of the United States. Provided that this restriction shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps.

　　　　"Sec. 2. Every person subject to none of the foregoing disqualifications, who shall have attained

the age of twenty-one years and who shall be a
citizen of the United States and who shall have
resided in this State one year next preceding an
election and the last six months within the dis-
trict or county in which such person offers to
vote, shall be deemed a qualified elector; pro-
vided, that electors living in any unorganized
county may vote at any election precinct in the
county to which such county is attached for judi-
cial purposes; and provided further, that any
voter who is subject to pay a poll tax under the
laws of the State of Texas shall have paid said
tax before offering to vote at any election in
this State and hold a receipt showing that said
poll tax was paid before the first day of Febru-
ary next preceding such election. Or if said
voter shall have lost or misplaced said tax re-
ceipt, he or she, as the case may be, shall be
entitled to vote upon making affidavit before
any officer authorized to administer oaths that
such tax receipt has been lost. Such affidavit
shall be made in writing and left with the judge
of the election. The husband may pay the poll
tax of his wife and receive the receipt therefor.
In like manner the wife may pay the poll tax of
her husband and receive the receipt therefor.
The Legislature may authorize absentee voting.
And this provision of the Constitution shall be
self-enacting without the necessity of further
legislation.

Article 1630, Revised Civil Statutes, reads as fol-
lows:

"The City Council shall have power to levy
and collect an annual poll tax, not to exceed
One ($1.00) Dollar of every inhabitant of said
city over the age of twenty-one (21) and under
sixty (60) years, those persons exempt by law
from paying the State Poll Tax excepted, who is
a resident thereof at the time of such annual
assessment."

Article 2955, Revised Civil Statutes, reads in part
as follows:

"Every person subject to none of the fore-
going disqualifications ... shall be deemed
a qualified elector ...; provided that any
voter is subject to pay a poll tax under the

laws of this State or ordinances of any city
or town in this State, shall have paid said
tax before offering to vote at any election in
this state and holds a receipt showing that
said poll tax was paid before the first day of
February next preceding such election . . . ."

Article 1030, supra, authorizes cities to levy an
annual poll tax of One Dollar ($1.00) and Article 2955, supra,
expressly provides that a voter must pay his city poll tax in
order to qualify as a voter in any election. These two arti-
cles when considered together, disqualify all voters in all
elections who fail to pay their city poll taxes in the manner
and at the time provided by law.

We quote from the case of T. E. Powell et al vs. City
of Beard et al, decided by the Supreme Court May 31, 1939 (not
yet reported) as follows:

"Under the Constitution and laws of this
state, a voter subject thereto must pay his
city poll tax at the time required by law, in
order to qualify as a legal voter in any elec-
tion in this state."

We quote from the case of Savage vs. Umphries, 118
S.W. 893, as follows:

"It is true that where the Constitution
of a state fixes the qualifications, and de-
termines who shall be deemed qualified voters,
in direct, positive, and affirmative terms,
these qualifications cannot be added to by
legislative enactments, yet, as the constitu-
tional provision in section 2, Art. 6, herein-
before quoted, required that 'any voter who is
subject to pay a poll tax under the laws of
the state of Texas shall have paid the tax
before he offers to vote at any election in
this state,' it cannot be said that this quali-
fication is added to by the legislative enact-
ment which requires the payment of a city poll
tax by a voter who is subject to its payment;
for such tax is required under the laws of the
state of Texas, though it be a municipal tax,
for no tax can be levied by a city unless it
is done under the laws of the state. McCormick
vs. Jester (Tex.Civ.App.) 115 SW 278; People
vs. Teague, 106 N.C. 576, 11 S.E. 665."

Also see the cases of Linger vs. Balfour, 149 SW 795 and Bonham vs. Fuchs, 228 SW 1112.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that any voter subject to the payment of a city poll tax must pay his city poll tax at the time required by law, in order to qualify as a legal voter in a county prohibition election or in any election in this state. All opinions of this department holding the contrary are expressly overruled.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED JUN 21, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        DDM, Chairman

AW:AW:wb